K/O RANCH, INC., by John R. OLSON, President, John R. Olson, and Marilyn Olson, Appellants,

v.

NORWEST BANK OF the BLACK HILLS, John C. Hansen, Willard Pummel, Small Business Administration, Anne Wilkinson, Stan E. Hunt, Agents for the Small Business Administration, Appellees.

No. 84–1645.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1984.

Decided Nov. 15, 1984.

John R. Olson and Marilyn Olson, pro se.

Myrna B. Silen, Washington, D.C., for appellees.

Michael M. Hickey, Rapid City, S.D., for respondents.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

ARNOLD, Circuit Judge.

K/O Ranch, Inc., John R. Olson, and Marilyn Olson appeal the District Court's [1] dismissal with prejudice of their complaint for failure to state a claim. For reversal, the Olsons allege that their complaint stated violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1982), by Norwest Bank of the Black Hills (Norwest) and the Small Business Administration (SBA). For the reasons outlined below, we affirm.

## I.

From February of 1979 through 1983, the Olsons and their corporation, K/O Ranch, borrowed various sums in 31 separate transactions from Norwest and the SBA to finance the operation of the K/O Ranch. The Norwest loans were secured by livestock, feed, and equipment used for farming operations. The SBA loans were secured by livestock and a real estate mortgage. The Olsons are in default on their payments to both Norwest and the SBA.

On March 6, 1984, the Olsons filed this action in the District Court, alleging that Norwest and the SBA had failed to comply with the general disclosure requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601–06, 1631–32, and the right-of-rescission disclosure requirement of the Act, 15 U.S.C. § 1635.[2] The Olsons sought, *inter alia*, damages, attorneys' fees, court costs, and rescission of the loans. On its own motion, the District Court dismissed the action for failure to state a claim upon which relief could be granted. This appeal followed.

## II.

The Olsons' major contention is that the District Court erred in concluding that the complaint failed to state a claim. The accepted rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his calim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bennett v. Berg*, 685 F.2d 1053, 1057 (8th Cir.1982), *aff'd on rehearing en banc*, 710 F.2d 1361 (8th Cir.1983), *cert.*

---

**1.** The Hon. Andrew W. Bogue, Chief United States District Judge for the District of South Dakota.

**2.** 15 U.S.C. § 1635 provides in part:
(a) Except as otherwise provided in this section, in the case of any consumer credit transaction * * * in which a security interest * * * is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction ....

*denied,* —— U.S. ——, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).

■■■ We hold that the District Court properly dismissed the complaint.[3] The Truth in Lending Act does not apply where, as here, credit is extended (1) for agricultural purposes, or (2) to corporations. In addition, the Act's right-of-rescission provision and period of limitations bar any action on many of the loans.

### A. *The Agricultural Purpose Exemption*

■■ The purpose of the Truth in Lending Act is to provide consumers with meaningful disclosure of credit terms to promote the informed use of credit and to protect consumers from unfair credit practices. 15 U.S.C. § 1601(a); *Hickman v. Cliff Peck Chevrolet, Inc.,* 566 F.2d 44, 46 (8th Cir. 1977). Currently, the Act exempts from coverage "[c]redit transactions [regardless of amount] involving extensions of credit primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1). Prior to October 1, 1982, section 1603(5) exempted from coverage loans obtained "primarily for agricultural purposes in which the total amount to be financed exceeds $25,000."

Twenty-five of the thirty-one loans are excluded from coverage by the Act's agricultural-purpose exemption. It is clear from the complaint that all of the loans involved in this action were made for agricultural purposes. The Olsons state that they are "members of the greatest industry in this nation, American Agriculture." Exhibits list the collateral for most of the loans as livestock, feed, and equipment used in farming. The exhibits also include agricultural financing statements and an application for a disaster loan from the SBA due to drought. In addition, the first count of the complaint names the agricul-

tural loan officer of Norwest as an individual defendant, and he is listed as the bank officer on all but two of the Norwest promissory notes. Because the loans were made for agricultural purposes, they are, with a few exceptions, clearly exempt from coverage under the agricultural-purpose exemption. Six of the thirty-one loans involved in this action were consummated prior to October 1, 1982, and involved amounts less than $25,000. Only these loans are not subject to the agricultural-purpose exemption.

### B. *The Corporate Maker Exemption*

As noted above, the purpose of the Truth in Lending Act is to protect consumers involved in credit transactions. The Act characterizes a consumer transaction as "one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h). Moreover, the Act provides that it does not apply to "[c]redit transactions involving extensions of credit ... to organizations." 15 U.S.C. § 1603(1). The term "organization" is defined by the Act to include corporations. 15 U.S.C. § 1602(c).

Two of the six loans which are not within the agricultural-purpose exemption were made to K/O Ranch, Inc., and are therefore exempt from the coverage of the Act under the corporate-maker exemption of § 1603(1).

### C. *The Time Limitations of the Act*

The Olsons' action as to the remaining four loans is barred by the time limitations of the Act. Section 1640(e) provides a one-year period of limitations for actions for violations of the general disclosure requirements of the Act.[4] This Court has interpreted this section to mean that the period of limitations begins to run when credit is

---

3. The court may on its own initiative note the inadequacy of a complaint and dismiss it for failure to state a claim. *Martin-Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982).

4. 15 U.S.C. § 1640(e) provides in part: "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

extended through the consummation of the transaction without the proper disclosures. *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641, 646 (8th Cir.1980). None of the four remaining loans was consummated within the one-year period preceding institution of this action and, with regard to these loans, the action is clearly time-barred.

### D. *The Right of Rescission*

Finally, the Olsons' complaint alleges that they have a right to rescind the loans under section 1635 of the Act. This section provides a right of rescission as to consumer-credit transactions in which the security interest is the consumer's principal place of residence. 15 U.S.C. § 1635(a).[5] Assuming that the mortgages which secure some of the loans involve the Olsons' current or intended place of residence, the Olsons are still not entitled to rescind. As previously stated, the Act exempts credit transactions for agricultural purposes. 15 U.S.C. § 1603(1). The Act also exempts loans to corporations. *Id.* Section 1603 specifically states that these exemptions apply to the entire subchapter, which includes section 1635. See *Sherrill v. Verde Capital Corp.*, 719 F.2d 364, 367 (11th Cir. 1983). Thus, the Olsons are not entitled to rescind the twenty-seven loans which are exempt from the coverage of the Act under the agricultural-purpose or corporate-maker exemptions.

As noted above, four of the loans involved in this action do not come within either the agricultural-purpose or corporate-maker exemption. However, none of these loans is secured by the Olsons' principal place of residence as required by section 1635(a). Therefore, the Olsons are not entitled to rescind these loans. Thus, the Act's right of rescission is not applicable to any of the loans involved in this action.

### E. *Additional Claims*

While the Olsons' primary contentions relate to the Truth in Lending Act, the complaint sets forth a variety of additional claims against Norwest and the SBA, listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases for jurisdiction. We have carefully reviewed the complaint and conclude that these claims, which are unsupported by any factual allegations, were properly dismissed. Accordingly, the judgment of the District Court is affirmed.

---

5. Prior to October 1, 1982, section 1635(a) extended the right of rescission to loans secured by real property "used or expected to be used as the residence of the person to whom credit is extended."