**Robert W. ATOR and Carol J. Ator, husband and wife, Appellants,**

v.

**CITY BANK & TRUST CO., William Fulton and Marilyn J. Behrens, Appellees.**

No. 84–2143.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1984.

Decided Dec. 4, 1984.

---

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Robert and Carol Ator appeal from a final judgment entered in the District Court[1] for the District of Nebraska dismissing their complaint for failure to state a claim. For reversal the Ators argue that their complaint stated violations of the Truth in Lending Act (Act), 15 U.S.C. § 1601 *et seq.* (1982), by City Bank & Trust Co. of Crete, Nebraska (City Bank), and several officers of City Bank.[2] For the reasons outlined below, we affirm.

From November 1976 through January 1984, the Ators borrowed various sums in twenty-one transactions from City Bank for the purpose of financing their farming operation. The loans were secured by livestock, farm products, and equipment.

On July 16, 1984, the Ators filed a complaint in the district court alleging that City Bank failed to comply with the general disclosure requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601–1606, 1631–1632, and the right of rescission disclosure requirement of the Act, *id.* § 1635. The Ators sought, *inter alia,* a temporary restraining order, costs, damages, and rescission of the loans. The district court denied the request for temporary relief and dismissed the action for failure to state a claim.

■ After carefully reviewing the record, we agree that the district court properly dismissed the complaint for failure to state a claim. Section 1640(e) of the Act provides a one-year period of limitations for actions for violations of the general disclosure requirements of the Act. Seventeen of the loans were consummated well before the one-year period, and therefore with respect to those loans the action is clearly time barred as to the general disclosure requirements.

Robert W. Ator and Carol J. Ator, appellants, pro se.

John M. Guthery and Adrian R. Fiala, II, Lincoln, Neb., for appellees.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Many similar actions brought under the Truth in Lending Act have recently been appealed to this court. *See, e.g., K/O Ranch, Inc. v. Norwest Bank,* 748 F.2d 1246 (8th Cir.1984). We find the analysis of *K/O Ranch, Inc. v. Norwest Bank* applicable and controlling here.

The four loans, claims as to which are not time barred, are exempt from coverage under § 1603(1), which exempts loans made for agricultural purposes. It is clear from the complaint that the loans were made for agricultural purposes.

Furthermore, none of the loans is subject to the Act's right of rescission provision. The right of rescission applies only to loans secured by the debtor's principal place of residence. *Id.* § 1635(a). None of the loans was secured by the Ators' current or intended place of residence.[3]

The Ators' complaint also sets forth various additional claims listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases for jurisdiction. We have carefully reviewed the complaint and agree with the district court that the additional claims are without merit. Accordingly, the judgment of the district court is affirmed.

---

3. Currently § 1635(a) extends the right of rescission to loans secured by "property which is used as the principal dwelling of the person to whom credit is extended." Prior to October 1, 1982, § 1635(a) extended the right of rescission to loans secured by real property "used or expected to be used as the residence of the person to whom credit is extended."