**Kenneth Rex WILSON and Patricia Ann Wilson, Appellants,**

**v.**

**The PRUDENTIAL INSURANCE CO. OF AMERICA, a New Jersey Corporation, M.C. Cravens, George Janning, Keith County Bank & Trust Co., Peter H. Hansen, A.W. Siffering, Dave Doll, Mel Adams, Jr., Platte Valley Harvestore Inc., a Corporation, Agristore Credit Corporation and Collateral Financial Services, Inc., Appellees.**

No. 84–1841.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1984.

Decided Dec. 4, 1984.

Kenneth Wilson and Patricia Wilson, appellants, pro se.

Neil E. Williams and Geoffrey V. Pohl, Ogallala, Neb., for appellees Keith County Bank & Trust Co., Peter H. Hansen, A.W. Siffering, Dave Doll and Mel Adams, Jr.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Kenneth Rex Wilson and Patricia Ann Wilson appeal from a final judgment entered in the District Court[1] for the District of Nebraska dismissing their complaint for failure to state a claim. For reversal the Wilsons argue that their complaint stated violations of the Truth in Lending Act (Act), 15 U.S.C. § 1601 *et seq.* (1982), by appellees. For the reasons outlined below, we affirm.[2]

From February 1980 through October 1982, the Wilsons borrowed various sums from appellees for the purpose of financing their farm operation. The loans were secured by livestock, crops, equipment, and a real estate mortgage. The Wilsons, like many other farmers, have fallen behind on their payments and are in default.

On May 4, 1984, the Wilsons filed a complaint in the district court alleging that appellees failed to comply with the general disclosure requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601–1606, 1631–1632, and the right of rescission disclosure requirement of the Act, *id.* § 1635. The Wilsons sought a temporary restraining order, costs, and damages, and in addition sought to compel rescission of the loans. The district court denied the request for temporary relief and dismissed the action for failure to state a claim and as legally frivolous.

■ After carefully reviewing the record, we agree that the district court properly dismissed the complaint. As to all of the loans, the action for violation of the general disclosure provisions of the Act is time barred by § 1640(e) of the Act which provides for a one-year period of limitations.

■ Furthermore, none of the loans is covered by the Act's right of rescission provision. The right of rescission only ap-

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Many similar actions have recently been appealed to this court. *See, e.g., K/O Ranch, Inc. v. Norwest Bank,* 748 F.2d 1246 (8th Cir.1984). We find the analysis of *K/O Ranch, Inc. v. Norwest Bank* applicable and controlling here. controlling here.

plies to loans secured by the debtor's principal place of residence. *Id.* § 1635(a). The Wilsons' loans are secured by livestock, farm products, equipment, and a mortgage which is not secured by their principal place of residence. Because the Wilsons failed to demonstrate that their principal place of residence secured any of the loans, they are not entitled to rescind any of the loans.

■ Finally, the loans are also exempt from coverage under § 1603(1) of the Act which exempts loans made for agricultural purposes.[3] The Wilsons admit in their original complaint that the loans were made for "the business of agricultural production."

The Wilsons' complaint sets forth various additional claims listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases for jurisdiction. We have carefully reviewed the complaint and agree with the district court that the additional claims are without merit. Accordingly, the judgment of the district court is affirmed.

---

**3.** Prior to September 30, 1982, § 1603(5) exempted from coverage only loans obtained primarily for agricultural purposes in which the amount financed exceeded $25,000. All of the Wilsons' loans were consummated before September 30, 1982, and exceeded $25,000.