Earl E. **BIGALK** and Arlene F. **Bigalk, Plaintiffs,**

v.

**FEDERAL LAND BANK ASSOCIATION OF ROCHESTER, Allen Hartman, Richard Horihan, Paul D. Cote, and Federal Land Bank of Saint Paul, Defendants.**

Civ. No. 4–84–539.

United States District Court, D. Minnesota, Fourth Division.

Feb. 12, 1985.

Earl E. Bigalk and Arlene F. Bigalk, Harmony, pro se.

Jonathan M. Bye, Moore, Costello & Hart, St. Paul, Minn. appeared on behalf of defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Earl E. Bigalk and Arlene F. Bigalk, acting pro se, brought this action against defendant Federal Land Bank and individual defendants Allen Hartman, Richard Horihan, and Paul D. Cote, alleging various violations of federal and state constitutional and statutory provisions. This matter is presently before the court on cross-motions for summary judgment, plaintiffs' motion "to stay all proceedings until case is fully adjudicated", and defendants' motion for attorneys' fees.

The dispute between the parties arises out of a $85,000 loan obtained by the Bigalks from the Federal Land Bank in June of 1977. This loan was evidenced by a promissory note and secured by a mortgage on approximately 240 acres of farm real estate which included the Bigalks' homestead. The loan proceeds were used to purchase the farm property, to pay for operating expenses.[1] In 1981, the Bigalks sold 160 acres of the secured property and the Federal Land Bank released its mortgage on that portion of the land.

This action was filed by the Bigalks on June 8, 1984. The complaint is virtually identical to other form complaints that have been used by a large number of pro se plaintiffs, mainly farmers, attempting to stop loan foreclosure proceedings. The form complaint is very long, but it fails to include in any detail the particular facts and circumstances involved in the particular case.[2]

## DISCUSSION

In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits. *Ralph's Distributing Co. v. AMF, Inc.*, 667 F.2d 670 (8th Cir.1981); *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076 (8th Cir.1980). Thus, defendants must establish its right to judgment as a matter of law; there must be no genuine issue of fact and no room for doubt or controversy. The nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981).

The court has carefully examined the plaintiffs' allegations and has considered all possible theories upon which relief might be granted. While the plaintiffs' complaint alleges violations of a number of state and federal statutory and constitutional provisions, the court has concluded

---

1. The loan proceeds were used to pay off a contract for deed on the 240 acres, pay the operating expenses of the individual who was farming the farm for the Bigalks at that time and other operating expenses. *See* Affidavit of Richard Horihan. The primary purpose of the loan was clearly for agricultural purposes.

2. At the hearing, Mr. Bigalk mentioned additional interest payments he incurred when a 1981 sale of a portion of his farm acreage was delayed by the actions of the bank official involved in the transaction. These allegations are not specifically included in the complaint and in any event fail to establish any basis for a federal cause of action.

that the only possible valid claim for relief which has been alleged is under the Truth in Lending Act.[3]

The purpose of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, is to provide consumers with meaningful disclosures of credit terms in order to promote the informed use of credit and to protect consumers from unfair credit practices. 15 U.S.C. § 1601(a); *K/O Ranch, Inc. v. Norwest Bank,* 748 F.2d 1246 (8th Cir.1984). The Act exempts from its coverage "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1). Prior to October 1, 1982, section 1603(5) exempted loans which were obtained "primarily for agricultural purposes in which the total amount to be financed exceeds $25,000."

The Act also establishes a one-year period of limitations in which actions for violations of its general disclosure requirements must be brought. 15 U.S.C. § 1640(e).[4] The United States Court of Appeals for the Eighth Circuit has interpreted this section to mean that the limitations period begins to run when credit is extended through the consumation of the transaction without the proper disclosures. *Dryden v. Lou Budke's Arrow Finance Co.,* 630 F.2d 641, 646 (8th Cir.1980).

Both of these provisions establish that the defendants are entitled to summary judgment. The 1977 loan transaction is excluded from coverage under the Truth in Lending Act by the Act's agricultural purpose exception. 15 U.S.C. § 1603. The loan exceeded the required amount of $25,-000, and the affidavit of Richard Horihan, with the attached settlement statement of the loan, demonstrates that it was made primarily for agricultural purposes. *See K/O Ranch, Inc. v. Norwest Bank,* 748 F.2d 1246 (8th Cir.1984). In addition, the action presently before the court was commenced on June 8, 1984, well outside of the one-year limitations period set forth in the Truth in Lending Act, 15 U.S.C. § 1640(e). *Id.*[5] Accordingly, the complaint shall be dismissed; however, the Bigalks' state-based claims are dismissed without prejudice to their right to assert them in state court.

## ATTORNEYS' FEES

Defendants also seek an award of attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure on the grounds that the plaintiffs acted in bad faith and did not reasonably inquire into existing law.[6] Counsel for the defendants prior to the hearing on the motion for summary judgment provided the plaintiffs with copies of recent decisions in this district dismissing similar actions involving agricultural loans and claims under the Truth in Lending Act. Those cases included citation to decisions of the Eighth Circuit Court of Appeals affirming the dismissal of such actions brought under this form type complaint.

---

3. The complaint itself makes it apparent that the other cited bases for federal jurisdiction do not apply to the Bigalks in this case.

4. Section 1640(e) provides in part: "[a]ny action under this section may be brought in any United States district court ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

5. The loan documents are attached as exhibits to the plaintiffs' complaint. The Act's right of recission provision is also not applicable to the Bigalks' loan. Action on the loan is time barred by the three-year period of limitations on the right of recission. 15 U.S.C. 1635, subd. f.

6. Rule 11 provides in part:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in

his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper. and state his address ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
Fed. R. Civ. P. 11.

The rulings of the district court and the court of appeals make it clear that these form complaints have not supported any federal claims, but rather for the most part have been irrelevant to the facts of the particular case. Parties should be on notice that the requirements of Rule 11 apply to all litigants, including those acting pro se, and its sanctions will be imposed on parties bringing similar baseless actions in the future.

The court declines to impose sanctions in this instance, however. At the hearing, the Bigalks showed that their efforts were sincere. Mr. Bigalk indicated that he had attempted to obtain counsel but had been unsuccessful.

### ORDER

Accordingly, based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendants' motion for summary judgment is granted.

2. Plaintiffs' motions for summary judgment and for a stay of all proceedings are denied.

3. Defendants' motion for attorneys' fees is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.