**Brett S. MOUSEL, Plaintiff,**

v.

**KNUTSON MORTGAGE CORP., f/k/a Knutson Mortgage and Financial Corporation; John Doe, one to ten; Mary Roe, one to ten; ABC Bonding Co., one to ten; XYZ Insurance Co., one to ten, Defendants.**

**KNUTSON MORTGAGE CORPORATION, Plaintiff,**

v.

**Thomas HENRY, Brett S. Mousel, John Doe and Mary Roe, Defendants.**

Civ. Nos. 4–93–301, 4–93–417.

United States District Court, D. Minnesota, Fourth Division.

June 15, 1993.

Brett S. Mousel, pro se.

Nancy A. Nordmeyer, Beth Asmussen, Shapiro & Nordmeyer, Richfield, MN, for Knutson Mortg. Corp.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on Knutson Mortgage Corp.'s motions to dismiss. CIVIL 4–93–301 will be dismissed; CIVIL 4–93–417 will be remanded to state court.

### FACTS

This action arises out of a residential mortgage on property located in Burnsville, Minnesota. In January 1981, Brett S. Mousel, who appears pro se, signed a promissory note, securing the note with a mortgage deed. Mousel made the required payments under the promissory note until December 1, 1991. When he ceased making payments under the note, Knutson Mortgage Corp. (Knutson) commenced a mortgage foreclosure action. A sheriff's sale was held on June 8, 1992. Knutson purchased the property, subject to a six-month redemption period, which expired on December 8, 1992. One day before the redemption period was to expire, Mousel filed a complaint in state court, alleging that Knutson had failed to give him proper notice of the foreclosure. The state court granted Mousel an injunction that tolled the expiration of the redemption period until the matter could be heard on December 11, 1992. Mousel did not appear at the December 11, 1992 hearing. Knutson moved to dismiss the matter with prejudice, and the district court entered an order granting that motion.

Although the order does not state that the dismissal was based on Mousel's failure to appear, both Knutson and Mousel apparently viewed the order as a default judgment. Mousel moved to set aside the judgment; by order dated December 21, 1992, the state court denied his motion. Mousel then filed another complaint against Knutson in state court, again alleging that Knutson had failed to give proper notice of the foreclosure. The second complaint was apparently not served on Knutson, and on February 3, 1993, Mousel moved for default judgment against Knutson. By order dated February 11, 1993 the state court dismissed the second complaint with prejudice. In its order, the court noted that the second complaint was identical to the first complaint, which had already been dismissed. Based upon the earlier ruling, the state court determined that the second complaint should be dismissed with prejudice as well. In its order, the state court also admonished Mousel not to bring any more claims against Knutson arising out of the foreclosure.

On February 16, 1993, Knutson commenced an unlawful detainer action in state court in order to evict Mousel from the property. At the March 1, 1993 hearing on the matter, Mousel appeared and delivered a copy of a voluntary petition in bankruptcy, which automatically stayed the unlawful detainer action. On March 18, 1993, the bankruptcy court dismissed the petition, because Mousel had failed to file the appropriate documentation.

On March 24, 1993, Mousel commenced CIVIL 4–93–301 in this Court, naming as defendants Knutson and various John Doe defendants. The complaint is somewhat difficult to comprehend, but appears to allege that Knutson did not actually lend Mousel the full amount of the mortgage, $71,000, but rather advanced only $7,100. The complaint alleges that the foreclosure was fraudulent and that the state court had no jurisdiction over the mortgage foreclosure action. Mousel asks the Court to vacate the state court orders, hold that the promissory note and the mortgage are void, and award him damages in the amount of payments tendered under the promissory note, plus treble damages and penalties for fraud.

On March 31, 1993, the state court issued its order in the unlawful detainer action. The court found that Knutson was entitled to

restitution of the premises, but stayed the writ of restitution until April 6, 1993, thereby allowing Mousel seven days to vacate the premises. On April 5, 1993, one day before the writ of restitution was to issue, Mousel filed a second bankruptcy petition, which automatically stayed the writ of restitution. Knutson obtained an order lifting the automatic stay, which allowed the sheriff to serve the writ of restitution and the eviction to proceed.[1]

On April 23, 1993, Mousel removed the unlawful detainer action to this Court, where it was assigned file number CIVIL 4–93–417. The notice of removal states that the action presents federal questions because Knutson has violated unspecified federal laws and the United States Constitution. The notice of removal also states that the removed state court action is a civil action for damages in excess of $10,000. Knutson now moves to dismiss both CIVIL 4–93–301 and CIVIL 4–93–417; it has also requested an award of sanctions under Federal Rule of Civil Procedure 11 and an order restraining Mousel from commencing any suits in federal court against Knutson or its agents arising out of the mortgage transaction.

### DISCUSSION

As an initial matter, the Court notes that Knutson is mistaken in asking for dismissal of both CIVIL 4–93–301 and CIVIL 4–93–417. In arguing for dismissal, Knutson asserts that the Court lacks subject matter jurisdiction over both actions. If the Court lacks subject matter jurisdiction over the action originally filed in this Court, CIVIL 4–93–301, then the appropriate remedy is dismissal. However, if the Court lacks jurisdiction over the removed action, CIVIL 4–93–417, the appropriate remedy is not dismissal, but remand to state court. Therefore, Knutson's motions will be treated as a motion to dismiss the action that was originally commenced in this Court and a motion to remand the removed action.

1. On May 5, 1993, Mousel's roommate filed for bankruptcy; this filing has apparently prevented

### I. The Motion to Remand

An action commenced in state court that falls within the original jurisdiction of the federal district courts may be removed to federal court under 28 U.S.C. § 1441(a). On a motion to remand, the removing party bears the burden of establishing that the federal court has jurisdiction; if any doubts remain as to the right of removal, the case must be remanded. *Bor–Son Building Corp. v. Heller*, 572 F.2d 174, 181 n. 12 (8th Cir. 1978); *Abing v. Paine, Webber, Jackson & Curtis*, 538 F.Supp. 1193, 1195 (D.Minn. 1982). Knutson asserts that this action was improperly removed for two reasons. First, Knutson argues that the removal was untimely under 28 U.S.C. § 1446(b), which provides that notice of removal must be filed within thirty days after the removing defendant receives a copy of the initial pleadings. Second, Knutson asserts that removal is improper because the Court lacks jurisdiction over the unlawful detainer action.

Section 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b). Mousel does not dispute that his notice of removal was filed more than thirty days after he received Knutson's complaint in the unlawful detainer action. Rather, he relies upon the second paragraph of section 1446(b), arguing that his removal was timely because he filed his notice of removal within thirty days of the time he filed CIVIL 4–93–301 and within thirty days of the time the state court issued its order in the unlawful detainer action.

.completion of the eviction process.

■ The Court holds that the thirty-day time period of section 1446(b) may not be measured from the date upon which Mousel filed his action in federal court; the date upon which Mousel filed CIVIL 4-93-301 is wholly irrelevant to the removability of the state court action. Nor may the thirty-day time period may be measured from the March 31, 1993 state court order in the unlawful detainer action. As noted above, that order stated that Mousel had failed to vacate the property after notice to do so, and that Knutson was entitled to restitution of the premises. The order did not affect the state court proceeding in a way that would make the action removable; instead, it resolved a state law claim between the parties on the merits. Because the time for removal may not be measured from the March 24, 1993 filing of CIVIL 4-93-301 or the March 31, 1993 state court order, the Court concludes that the notice of removal was untimely under section 1446(b).

■ The Court further concludes that this action would not be removable even if the notice of removal had been timely filed. An action may be removed to federal court only if it presents a federal question or if diversity jurisdiction exists. *See* 28 U.S.C. § 1441. Mousel attempts to invoke federal question jurisdiction by stating in his notice of removal that Knutson has violated unspecified federal statutes and regulations, as well as the United States Constitution. It is well settled, however, that federal question jurisdiction must be determined from the face of the state court complaint. *M. Nahas & Co. v. First National Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir.1991) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)). Knutson's state court complaint alleges that it is the legal owner of the premises, that it terminated Mousel's tenancy, and that Mousel was therefore unlawfully retaining possession of the premises. Knutson sought restitution of the premises under state law. Because Knutson's complaint evidences no federal question, Mousel may not remove the unlawful detainer action on the basis of federal question jurisdiction.

Nor may removal be premised on diversity jurisdiction. In order for diversity jurisdiction to exist, the action must be between parties of different states, and the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). Although the parties to this action are citizens of different states, the amount in controversy does not exceed $50,000. In its unlawful detainer action, Knutson seeks only restitution of the premises and its costs and disbursements. Because Knutson's complaint does not meet the amount in controversy requirement, diversity jurisdiction does not exist.

Even if the amount in controversy requirement were met, Mousel would be precluded from removing the action. Under 28 U.S.C. § 1441(b), removal jurisdiction over diversity actions is narrower than jurisdiction over diversity actions that are initially commenced in federal court. *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1144 (8th Cir.1992). An action commenced in state court that is not founded on a federal question is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Mousel, the defendant in the state court action, is a Minnesota citizen. Therefore, even if the amount in controversy requirement had been met, Mousel would not be allowed to remove the action to federal court. Because Mousel's notice of removal was not filed within the time limitations of 28 U.S.C. § 1446, and because there is no basis for removal jurisdiction in this action, the Court will remand CIVIL 4-93-417 to state court.

## II. *The Motion to Dismiss*

In reviewing a motion to dismiss for failure to state a claim the Court presumes all factual allegations to be true and all reasonable inferences from those allegations are construed in favor of the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Palmer v. Tracor, Inc.*, 856 F.2d 1131, 1132 (8th Cir.1988). The appropriate inquiry is not whether plaintiff will ultimately prevail but whether he will be allowed to introduce evidence to support his claims. *Scheuer*, 416

U.S. at 236, 94 S.Ct. at 1686. Because dismissal on the pleadings is an extreme remedy it is not favored by the courts and is employed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted). *Robinson v. MFA Mutual Insurance Co.*, 629 F.2d 497, 500 (8th Cir.1980). *See also Palmer*, 856 F.2d at 1132.

Mousel premises jurisdiction on 22 U.S.C. § 286g, which gives federal district courts original jurisdiction over actions brought by or against the International Monetary Fund and the International Bank for Reconstruction and Development. As neither of these entities is involved in this action, jurisdiction may not be premised upon section 286g. Therefore, to the extent that Mousel relies upon that statute, his action must be dismissed.

In addition to section 286g, Mousel mentions numerous other statutes and legal concepts in his complaint. In summary fashion, he refers to breach of contract, negligence, want of state court jurisdiction, misrepresentation, fraud, usury, unlawful lending of credit, violation of the statute of frauds, conspiracy, termination of freehold rights, and violation of patent rights. He also references the Racketeer Influenced and Corrupt Organizations Act, 42 U.S.C. §§ 1983, 1985 and 1986, and the Uniform Commercial Code. All of these claims are apparently premised in some way upon the note and mortgage. Mousel's rambling assertions and random citations to statutes and legal theories are insufficient to meet the requirements of Federal Rule of Civil Procedure 8(a), which requires Mousel to set forth a short and plain statement of a claim showing that he is entitled to relief. Therefore, the Court holds the complaint must be dismissed under Rule 8.

There are two other factors in this case that support dismissing the complaint. First, in his prayer for relief, Mousel asks the Court to vacate the prior state court orders, on the ground that the state court lacked jurisdiction to issue them. This Court, however, does not sit in review of the state district court; therefore, to the extent that Mousel challenges the actions of the state district court, his complaint will be dismissed for lack of subject matter jurisdiction.

Second, Mousel asks the Court to determine that the mortgage and note are void and constitute fraud, usury, and overstatement of consideration. As Knutson points out, however, the validity and effect of the note and mortgage were before the state court in the foreclosure action and in the two complaints filed by Mousel in state court, both of which were dismissed with prejudice. Under the doctrine of res judicata, the state court dismissals bar subsequent suits for the same cause of action between the same parties as to every matter that was actually litigated, and as to every matter which might have been litigated. *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn.1978). Disputes about the validity of the note and mortgage could and should have been raised in the state court proceeding. Therefore, to the extent that Mousel challenges the validity of the note and mortgage, his action will be dismissed.

### III. *The Motion for Sanctions and Restraining Order*

Knutson asserts that Mousel's persistent filing of actions in the state court, the bankruptcy court, and this Court evidences a pattern of abuse of process that should be punished by an award of Rule 11 sanctions and a restraining order preventing Mousel from filing further actions based upon the mortgage. In the Court's view, neither an award of sanctions nor a restraining order is appropriate in this case.

Mousel is a pro se litigant who is proceeding in forma pauperis. As a general rule, courts are reluctant to impose monetary sanctions against a litigant proceeding in forma pauperis, reserving sanctions for cases in which the litigant's conduct is malicious or deliberately vexatious. *Day v. Allstate Insurance Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). Moreover, courts traditionally afford pro se parties some leeway under Rule 11.

See, e.g., *Bigalk v. Federal Land Bank Ass'n of Rochester,* 107 F.R.D. 210, 212 (D.Minn. 1985).

In asking the Court to award Rule 11 sanctions, Knutson relies heavily upon actions commenced by Mousel in other courts. It is, however, inappropriate for this Court to sanction Mousel for actions filed in state court or in bankruptcy court; it is within the purview of those courts to impose whatever sanctions they deem necessary. In this Court, Mousel has commenced one action and removed one action. Although the Court has concluded that removal was improvident and that the federal action will be dismissed, those conclusions do not in themselves justify an award of sanctions. Therefore, the Court will deny Knutson's motion for Rule 11 sanctions.

The Court will also deny Knutson's request for an order restraining Mousel from commencing further actions in this Court. Although district courts have authority under 28 U.S.C. § 1651 to issue injunctions restricting litigants from filing meritless actions, such injunctions are extreme remedies that must be narrowly tailored and sparingly used. *Matter of Packer Avenue Associates,* 884 F.2d 745, 747 (3d Cir.1989). The United States Court of Appeals for the Eighth Circuit has approved the use of such injunctions only in extreme cases involving multiple, frivolous filings. *See, e.g., In re Tyler,* 839 F.2d 1290 (8th Cir.1988). Although Mousel has sought relief in a variety of forums, he has not made multiple, frivolous filings in this Court. Therefore, the Court holds that an injunction is not warranted in this case.

Accordingly, based on the foregoing, and upon all the files, records and proceedings herein,

**IT IS ORDERED** that:

1. Knutson's motion to dismiss CIVIL 4–93–301 is granted;

2. Knutson's motion for Rule 11 sanctions and an order restraining Mousel from filing future lawsuits is denied;

3. Knutson's motion to remand CIVIL 4–93–417 to state court is granted; and

4. CIVIL 4–93–417 is hereby remanded to Minnesota District Court, County of Dakota, Third Judicial District.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**