**Carlisle SAPENTER and Helen Evens Sapenter, Plaintiffs,**

v.

**DREYCO, INCORPORATED, Defendant.**

**Civ. A. No. 70–1795.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

April 27, 1971.

Jesse S. Guillot, New Orleans, La., for plaintiffs.

James Flanagan, New Orleans, La., for defendant.

CASSIBRY, District Judge:

Plaintiffs seek injunctive relief and damages under the Truth In Lending Act, 15 U.S.C. § 1601 et seq., for defendant's alleged failure to make certain disclosures required by the Act in the execution of a mortgage on plaintiffs' home. The defendant has filed a motion to dismiss on the grounds of res judicata, estoppel, substantial compliance with the Act, and exempted transaction. Plaintiffs' motion for preliminary injunction and defendant's motion to dismiss came on to be heard on February 24, 1971. At that time, the Court granted the parties one week to file additional memoranda. The parties subsequently filed a joint stipulation to the effect that the Court should decide both the motion to dismiss and the merits of the complaint for injunctive relief and damages based on the pleadings and memoranda on file, together with the transcript of a previous state court hearing. Because I agree with defendant's contention that the transaction involved was one exempted from the Truth In Lending Act, the motion by defendant to dismiss will be granted.

Prior to August, 1969, the plaintiffs owned two pieces of real estate in the City of New Orleans. One piece of property was located at 5822 Baccich Street, and served as plaintiffs' home until September, 1970, when they sold the property and moved to Texas. There existed two mortgages on this property in August, 1969.

Plaintiffs also owned a piece of property located at 2408 Chartres Street, a six-unit apartment building. At the time they purchased this property, three mortgages had been executed upon it. In the course of a few months,

plaintiffs fell behind in their mortgage payments and, to avoid foreclosure on the apartment building by Dreyco, agreed to execute a mortgage on the Baccich Street property.[1] This latter mortgage was executed on August 26, 1969, and secured a mortgage note in the amount of $2,550.00 which represented the amount that plaintiffs were in arrears on their mortgage payments on the Chartres Street property, plus certain attorneys' fees and costs.

In February, 1970, plaintiffs instituted suit in the Civil District Court of Orleans Parish, seeking injunctive relief and damages, and alleging that in executing the August 26, 1969 mortgage, the defendant Dreyco had used fraud and deceit, and that certain disclosure requirements of the Truth In Lending Act were not fulfilled. The matter was heard on a rule for preliminary injunction and, on March 26, 1970, Judge Sanford Levy rendered judgment denying the preliminary injunction on the grounds that (1) the defendant was not guilty of any fraud or deceit, (2) the transaction involved was for business purposes and, hence, exempt from the Truth In Lending Act, (3) there was substantial compliance with the requirements of the Truth In Lending Act even if the transaction was not exempt, and (4) assuming arguendo that there was a violation of the Truth In Lending Act, this would not give plaintiffs the right to an injunction against enforcement of the mortgage but would merely allow the recovery of civil damages, costs and attorneys' fees.

No appeal was taken by plaintiffs from Judge Levy's adverse ruling. On July 6, 1970, the instant suit was filed, being for all practical purposes identical to the earlier state court action. Subsequently, on September 15, 1970, plaintiffs succeeded in having Judge Thomas Early of the Civil District Court grant

---

1. Plaintiffs allege they were unaware that a mortgage was to be placed on the Baccich Street property. After reading the state court testimony, I find this allegation to be unbelievable. Moreover, federal jurisdiction rests on the Truth In Lending Act claim. Since I conclude that the transaction involved was exempt from coverage of the Act, the case must be dismissed.

an ex parte motion to dismiss their state court suit "without prejudice, reserving all their rights to proceed in the United States District Court."

One of defendant's main arguments in support of its motion to dismiss the instant complaint is that the issues between the parties are res judicata by virtue of Judge Levy's decision of March 26, 1970, since plaintiffs failed to appeal from that ruling. Plaintiffs, on the other hand, vigorously contend that the doctrine of res judicata is inapplicable because the state court decision was merely interlocutory in nature, being on a motion for a *preliminary* injunction, and that the merits of the suit for *permanent* injunction were never reached in state court. While an interesting legal question is thus posed for consideration, I find no need to reach that question at this time because the transaction involved was exempt from coverage of the Truth In Lending Act.

The Truth In Lending Act, enacted in 1968, was intended to provide the American consumer with truth-in-lending by providing full disclosure of the terms and conditions of finance charges both in credit transactions and in offers to extend credit. The Act neither regulates the credit industry, nor does it impose ceilings on credit charges. It provides for full disclosure of credit charges, rather than regulation of the terms and conditions under which credit may be extended. Congress believed that such full disclosure would encourage a wiser and more judicious use of consumer credit. 1968 U.S. Code Congressional and Administrative News, 90th Congress, Second Session, pages 1962–1963.

In addition to provisions providing for enforcement by the Federal Trade Commission and other federal agencies, the Act provides for a civil action for damages by a consumer against a creditor who fails to make the required disclosures. 15 U.S.C. § 1640(a). Jurisdiction of such an action lies in either federal or state court. 15 U.S.C. § 1640(e).

Not all credit transactions are covered by the Truth In Lending Act, however, and the Act expressly provides that it does not apply to "[c]redit transactions involving extensions of credit for business or commercial purposes * * *." 15 U.S.C. § 1603(1).

The defendant contends that the August 26, 1969 mortgage on the Baccich Street property was executed to secure a business transaction, i. e., the extension of a past-due obligation on investment rental property to avoid foreclosure thereon. Thus, defendant argues, the transaction was one involving extension of credit "for business or commercial purposes", and therefore exempt from coverage of the Truth In Lending Act. 15 U.S.C. § 1603(1). The plaintiffs contend they were "not in the business of owning real estate", but rather were "regularly employed" and owned the apartment building merely as an investment, collecting rents in their spare time.

The Truth In Lending Act exemption of credit extensions "for business or commercial purposes" does not distinguish between full-time and part-time businesses. Furthermore, the Truth In Lending Act was enacted as part of the Consumer Credit Protection Act of 1968, and specifically deals only with consumer credit transactions, characterized as "one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for *personal, family, household, or agricultural purposes*." 15 U.S.C. § 1602(h). (Emphasis added.) Defendant's extension of credit to plaintiffs on August 26, 1969, was certainly not for "personal, family, household or agricultural purposes." Rather, it was to extend a past due obligation which plaintiffs had incurred on rental property which they purchased and owned as an investment. Plaintiffs intended to rent the apartments and derive revenues therefrom. While they may have had other, full-time occupations, plaintiffs were nevertheless en-

874

gaged in the "business" of owning and renting real estate for profit. Extensions of credit for such purposes were not intended by Congress to come within the purview of the Truth In Lending Act. 15 U.S.C. § 1603(1).

Plaintiffs' reliance on 15 U.S.C. § 1635 is misplaced. That provision provides:

§ 1635. Right of rescission as to certain transactions—Disclosure of obligor's right to rescind

(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later by notifying the creditor, in accordance with regulations of the Board of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section.

Apparently, plaintiffs' argument is that because the August 26, 1969 mortgage was placed on the Baccich Street property, which was used as their residence, § 1635(a) required defendant to disclose to plaintiffs their right to rescind the transaction within three business days. This argument overlooks, however, the fact that 15 U.S.C. § 1603(1) exempts all "[c]redit transactions involving extensions of credit for business or commercial *purposes*" from

coverage of the Truth In Lending Act. In determining whether a particular transaction is exempt, therefore, the *purpose* of the transaction or extension of credit is controlling, not the property on which the security interest is retained. Thus, in the instant case, the extension of credit was for a business purpose and § 1635(a) is of no avail to plaintiffs even though the mortgage was placed on their residence.

For the foregoing reasons, the motion by defendant to dismiss the complaint is granted. The Court does not reach and expresses no opinion on the various other issues raised by the pleadings.

It is so ordered.