Martha S. POE, Individually and as Executrix of the Estate of Ansel Poe, Deceased, and Ansel Poe & Associates, Inc., Plaintiffs-Appellants,

v.

The FIRST NATIONAL BANK OF DeKALB COUNTY, Defendant-Appellee.

No. 79–1004

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 25, 1979.

Roy J. Leite, Jr., James Arogeti, Atlanta, Ga., for plaintiffs-appellants.

M. Hardeman Blackshear, Decatur, Ga., for defendant-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

This truth-in-lending action fails because the Act specifically exempts from its scope extensions of credit for business or commercial purposes. 15 U.S.C.A. § 1603(1). Although the individual plaintiffs joined in the notes and gave personal security, the purpose of each transaction was to finance a corporation and its business. The district court's summary judgment for defendant must be affirmed.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

On December 5, 1975 the First National Bank of DeKalb County made a 90-day, $8,000 loan to a corporation, Ansel Poe & Associates, Inc., requiring that the corporation's principal stockholder, Ansel Poe, also sign the note. On January 19, 1976 an additional loan of $3,000 was made to the corporation, but the bank then required both Mr. and Mrs. Poe to sign the note as guarantors and required that the family home, owned by Mrs. Poe, be pledged as security. On February 12, 1976 an additional $7,000 was borrowed by the corporation for 90 days. The debt was consolidated with the two prior debts. The Poes again signed as guarantors and the house again secured the note. On May 12, 1976 the debt was renewed, the Poes again guaranteed the debt, and the house secured it.

On November 11, 1976 this action was filed alleging violations of 15 U.S.C.A. § 1601 et seq. and Regulation Z, 12 C.F.R. § 226.1 et seq. in the bank's failure to describe the security deeds and make certain disclosures. The bank counterclaimed for payment of the debt.

Both parties moved for summary judgment. The district court granted the bank's motion for summary judgment on grounds that the Act covers only credit extended to natural persons where the money is primarily for personal, family, household, or agricultural purposes.

■ The Truth-in-Lending Act specifically exempts from its scope extensions of credit for business or commercial purposes. 15 U.S.C.A. § 1603(1); 12 C.F.R. § 226.3(a). As to consumer credit transactions, the Act provides that the adjective "consumer" is specifically intended to characterize the transaction as one in which the party to whom credit is extended is a natural person and the money is primarily for personal, family, household, or agricultural purposes. 15 U.S.C.A. § 1602(h).

The plaintiffs claim that the Act is applicable in this case because the Poes were required to guarantee the notes in their individual capacities, neither Poe "owned" the business, Mrs. Poe did not own stock in the corporation, and Mrs. Poe was required to secure the notes with her home. They argue therefore the loan was actually made to the Poes.

■ The plaintiffs' argument fails to recognize the clear meaning of §§ 1602(h) and 1603(1). The courts will look to the purpose of the loan to determine whether it is covered by the Act. Sapenter v. Dreyco, Inc., 326 F.Supp. 871 (E.D.La.), aff'd, 450 F.2d 941 (5th Cir. 1971), cert. denied, 406 U.S. 920, 92 S.Ct. 1775, 32 L.Ed.2d 120 (1972); Tower v. Home Construction Co. of Mobile, Inc., 458 F.Supp. 112, 116–117 (S.D.Ala. 1978). In the instant case, there is no question that the purpose of each transaction was to finance the corporation. The transactions, therefore, were exempted from the Act. In plaintiffs' argument that the instant transaction was not exempted from the Act, they rely in part on Federal Reserve Board Letter No. 650, CCH–CCG Spec. Rel. Tfr. Binder (Dec. 1, 1972), and the unreported decision of the special master in Allen v. City Dodge, Inc., No. C74–427A (N.D.Ga. Sept. 8, 1975). Both of these involve factual situations distinguishable from the instant case.

Plaintiffs argue what the law should be when there is a double purpose for obtaining credit, both personal and commercial. We do not have that situation here. Drawing heavily from a comprehensive analysis of the Act, plaintiffs argue that the law should be different than it is. Landers, Scope of Coverage of the Truth-in-Lending Act, Am. Bar Foundation Res. J. 565 (1976). Only Congress has the authority to make it so.

■ Plaintiffs had alleged a violation of Georgia laws, Ch. 57–2, Ga.Code Ann. The district court dismissed the claim and the counterclaim without prejudice, finding no independent basis of federal jurisdiction. The matter was one for the district court's discretion. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since the issue relied upon the interpretation of state law, that discretion was not abused.

AFFIRMED.