Werner E. SCHMIDT and Anita E. Schmidt, Plaintiffs,

v.

Jerry E. GUYTON, Ellen K. Guyton, Manitou Mortgage Company, William Amick, H. Glenn Jack and Valley Title and Escrow Company, Defendants.

No. CIV–R–81–216–ECR.

United States District Court, D. Nevada.

Jan. 13, 1982.

Douglas M. Edwards, Roger H. Elton, Reno, Nev., for plaintiffs.

Kenneth J. McKenna, Reno, Nev., for defendant H. Glenn Jack and Manitou Mortgage Co.

John B. Rhodes, Reno, Nev., for Jerry E. and Ellen K. Guyton.

## ORDER

EDWARD C. REED, Jr., District Judge.

This action arises under the Federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. Plaintiffs seek rescission of a loan transaction wherein a deed of trust was placed on their home in February, 1980. The defendants have moved for dismissal of plaintiffs' complaint on the basis that this Court lacks jurisdiction over the subject matter under Rule 12(b)(1) of Fed.R.Civ.P. In support of their motion to dismiss, defendants have proferred two grounds.

First, defendants contend that the loan transaction which is the subject of this action is exempt from coverage under the Federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., pursuant to 15 U.S.C. § 1603(1). 15 U.S.C. § 1603 states in pertinent part:

> This title [15 U.S.C.S. §§ 1601 et seq.] does not apply to the following:
>
> (1) Credit transactions involving extensions of credit for business or commercial purposes, or to government or governmental agencies or instrumentalities, or to organizations.

It appears to the Court that if the plaintiffs did in fact use the proceeds of the loan in question to invest in a limited partnership for purpose of purchasing an apartment house then this action may well not be cognizable under the Federal Truth in Lending Act as indicated in *Sapenter v. Dreyco, Inc.*, 326 F.Supp. 871 (E.D.La.1971), *aff'd* 450 F.2d 941 (5th Cir. 1971) and more recent cases which have followed that case.

Because the defendants have attempted to support their assertions regarding the purpose for the plaintiffs' loan with materials outside of the complaint a dismissal is not now proper under Rule 12 because such claims go to the merits of plaintiffs' action. Defendants' motion is designed more to go to the merits of this action through the introduction of factual material than simply to challenge the sufficiency of the complaint. *Titsch Printing, Inc. v. Hastings*, 456 F.Supp. 445 (D.Colo.1978).

The Court acknowledges that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or be treated as a "speaking motion" attacking subject matter jurisdiction in fact. *See Thornhill Publishing Company, Inc., v. Gen-*

*eral Telephone & Electronics*, 594 F.2d 730 (9th Cir. 1979). As set forth in *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) the district court has power to dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

Upon bringing this motion the defendants have submitted certain documents which support its claim that the loan made to the plaintiffs which is the subject of the action was for business or commercial purposes within the meaning of 15 U.S.C. § 1603(1). In response the plaintiffs baldly maintain without factual support that the loan was not for business or commercial use.

Although it appears that a sufficient factual record could have been presented to resolve the question of fact posed here so as to permit the court to decide the question on this motion as a matter of law, such a record is not here present and defendants' motion to dismiss based on lack of subject matter jurisdiction because of the exemption in 15 U.S.C. § 1603 must now be denied. Under these circumstances the issue would better be resolved as a motion for summary judgment which defendants may bring at the appropriate juncture.

As further stated in *Williamson v. Tucker, supra,* 645 F.2d at p. 415:

"Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Ju-

dicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits."

Second, defendants contend that under 15 U.S.C. § 1640(e) plaintiffs' action was required to be brought within one year from the date of the alleged violation. Since the loan in question was made in February, 1980, and plaintiffs' complaint filed in October, 1981, defendants' position is that this action is barred by the limitation in 15 U.S.C. § 1640(e).

Under 15 U.S.C. § 1635(f) an obligor's right to rescission extends until three years after consummation of the loan transaction or until sale of the encumbered property. In opposition to this motion plaintiffs maintain that their property encumbered by defendants' deed of trust has not been sold to date. It has elsewhere been held that the one-year limitation in 15 U.S.C. § 1640(e) does not apply to actions for rescission. *Littlefield v. Walt Flanagan & Co.,* 498 F.2d 1133 (10th Cir. 1974). Hence, dismissal of the instant complaint on this ground is clearly inappropriate.

IT IS HEREBY ORDERED that defendants' motion to dismiss be DENIED.