Marion Daniel SHERRILL and Dorthea Sherrill, individuals and husband and wife, Plaintiffs-Appellants,

v.

VERDE CAPITAL CORPORATION, a Florida corporation, Defendant-Appellee.

No. 83–5310
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 7, 1983.

Robert M. Hustead, Homestead, Fla., for plaintiffs-appellants.

Robert S. Turk, Valdes-Fauli, Richardson & Cobb, P.A., Miami, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

We AFFIRM on the basis of the Magistrate's Report and Recommendation which was approved and adopted upon independent *de novo* review by the district court. The Magistrate's opinion is attached as an appendix.

APPENDIX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARION DANIEL SHERRILL and DORTHEA SHERRILL, Individuals and Husband and Wife, | CASE NO. 82-1592 CIV-EBD |
| Plaintiffs, | |
| -vs- | REPORT AND RECOMMENDATION |
| VERDE CAPITAL CORPORATION, A Florida Corporation, | |
| Defendant. | |

The Plaintiffs have filed a complaint pursuant to the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z,[1] seeking a declaratory judgment and rescission of a transaction under 15 U.S.C. § 1635. The cause was referred to the undersigned for preparation of a report and recommendation. 28 U.S.C. § 636(b).

Plaintiffs' complaint states that they obtained a loan from the Defendant which was secured by a second mortgage on their principal place of residence. They allege that the Defendant violated provisions of 15 U.S.C. Section 1635 and they are, therefore, entitled to rescission of the transaction. Plaintiffs state they have notified the De-

---

1. Regulation Z, 12 CFR Part 226, was promulgated by the Federal Reserve Board pursuant to Congress' delegation of authority to the Board to prescribe regulations to carry out the purpose of the Act. 15 U.S.C. § 1604.

fendant of their election of right to rescind but believe that Defendant will disregard their rescission and will attempt to enforce their security interests by foreclosure. The Defendant has filed a motion to dismiss and/or for summary judgment and alleges that the credit transaction between the parties is exempted from the provisions of the Act.

For the purposes of Defendant's motion to dismiss and/or for summary judgment, there are no material facts in dispute. As the motion can be decided as a matter of law, an evidentiary hearing is not necessary.

The material facts upon which the parties agree are as follows:

1. In June, 1980, the Plaintiffs applied for financing from Verde Capital. The financing application stated that the credit was for Double S Arabians, a sole proprietorship, which sought credit to build a barn and to use as working capital.

2. Double S Arabians is a business involving the raising and selling of Arabian horses.

3. By letter dated July 8, 1980, Verde Capital offered Double S Arabians credit of $37,000, which was to be evidenced by a promissory note in the amount of the credit and was to be secured by a second mortgage on the Plaintiffs' house and ranch. In addition, the Plaintiffs were asked to provide financial statements of Double S Arabians as well as their own private financial statements.

4. On July 10, 1980, the Plaintiffs accepted the credit on the conditions stated.

5. Plaintiffs did not make payments on the note and mortgage as required for the months of May, June, and July, 1982.

6. By certified letter dated July 16, 1982, the Defendant, through its attorney, notified the Plaintiffs that they were in default of the terms of the note and mortgage.

7. By letter dated July 27, 1982, the Plaintiffs notified the Defendant that pursuant to 15 U.S.C. Section 1635 they were exercising their right of rescission regarding the mortgage of July 10, 1980.

8. On July 28, 1982, the Plaintiffs filed the present action seeking an order declaring their rescission effective and the Defendant's security interests void.

The issue before the undersigned is whether the credit transaction between these parties is exempt from the provisions of the Truth In Lending Act and Regulation Z and, more specifically, whether the transaction is exempt from the provisions of 15 U.S.C. Section 1635.

The Truth In Lending Act was enacted "to assure a meaningful disclosure of credit terms so that a consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. The Act deals specifically with consumer credit transactions, which are characterized as those "on which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are subject of the transaction are primarily for personal, family, household or agricultural purposes." 15 U.S.C. § 1602(h).

Not all credit transactions are covered by the Act. Prior to its amendment by Pub.L. 96–221, the Truth In Lending Act, 15 U.S.C. § 1603, provided that the following transactions were exempt from the provisions of Subchapter I—Consumer Credit Cost Disclosure:

(1) Credit transactions involving extensions of credit for business or commercial purposes, or to government or governmental agencies or instrumentalities, or to organizations.

(2) Transactions in securities or commodities accounts by a broker-dealer registered with the Securities and Exchange Commission.

(3) Credit transactions, other than real property transactions, in which the total amount to be financed exceeds $25,000.

(4) Transactions under public utility tariffs, if the Board determines that a State regulatory body regulates the

charges for the public utility services involved, the charges for delayed payment, and any discount allowed for early payment.

(5) Credit transactions primarily for agricultural purposes in which the total amount to be financed exceeds $25,000.[2]

The Defendant has moved to dismiss the complaint on the basis that the credit transaction is exempt from the Act under Section 1603(1) as one "for business purposes" and alternatively states that even if the Court accepts the Plaintiffs' characterization of the credit transaction as one for "agricultural purposes," the credit transaction is exempt under Section 1603(5).[3]

The Plaintiffs admit that since they urge that the credit transaction between the parties was for "agricultural purposes," and the amount was for $37,000, the language of the statute appears to exempt the Plaintiffs' loan from the Act's coverage. They argue, however, that the rescission provisions of the Act, 15 U.S.C. § 1635, are fully applicable because the loan was secured by a mortgage on the Plaintiffs' principal place of residence.

For the reasons which follow, the undersigned finds that the Plaintiffs' position has no merit and summary judgment should be granted the Defendant.

The Truth In Lending Act is Subchapter 1 of the Consumer Protection Act, 15 U.S.C. § 1601 *et seq.*, and is divided into two parts: Part A—General Provisions and Part B—Credit Transactions. The Plaintiffs argue that even though the credit transaction at issue is exempt from the general provisions of the Truth In Lending Act, the creditor is subject to the disclosure requirements of Part B, which includes the rescission provisions of 15 U.S.C. § 1635. The Plaintiffs' argument fails in that the language of Section 1603 specifically states that the *subchapter* does not apply to the list of exempted transactions. Whether considered a loan primarily for "business purposes" or a loan for "agricultural purposes in which the total amount financed exceeds $25,000", the transaction is exempt from coverage under the subchapter, which includes Sections 1601 through 1667e, Title 15. It is clear that the rescission provision of Section 1635 is included in the subchapter.

The fact that the credit transaction between the parties was secured by a mortgage on the Plaintiffs' home does not transform the loan from an exempted transaction to one within the ambit of the Act.

This Circuit has consistently held that in determining whether a particular transaction falls within the Truth In Lending Act exemption of credit transactions for business or commercial purposes, the purpose of the transaction or extension of credit is controlling, and not the property on which a security interest is retained. *See, e.g., Sapenter v. Dreyco, Inc.,* 326 F.Supp. 871 (E.D.La.1971); *aff'd,* 450 F.2d 941 (5th Cir. 1971), *cert. denied* 406 U.S. 920, 92 S.Ct. 1775, 32 L.Ed.2d 120 (1971) (where transaction was for a business purpose, statute providing for right of rescission was not applicable, even though mortgage was placed on property); *Poe v. First National Bank of DeKalb County,* 597 F.2d 895 (5th Cir.1979) (where purpose of loan was for business or commercial purpose, Truth In Lending Act was not applicable notwithstanding fact that individuals joined in notes and secured notes with family home);

---

**2.** On March 31, 1980, the Truth In Lending Simplification and Reform Act, Pub.L. 96–221, was enacted. The Act, as reformed, deletes Section 1603(5) and revises Section 1603(1) so that credit transactions primarily for agricultural purposes are fully exempt from Subchapter 1. The definition of the word "consumer" was also revised to delete reference to "agricultural purposes." 15 U.S.C. § 1602(h). The amendments became fully effective on October 1, 1982.

**3.** The Defendant also argues that on May 21, 1980, Regulation Z was revised by the Board of Governors to immediately exempt from coverage all extensions of credit entered into primarily for agricultural purposes. The matter is not one which must be decided, however, as the credit transaction in this case did exceed $25,000; the result would be the same.

368

*Henson v. Columbus Bank and Trust Company,* 651 F.2d 320 (5th Cir.1981) (transactions which were for business or commercial purposes were exempt from the Act even though notes were secured by security deed on debtor's home).

The undersigned has found nothing in the statute, in Regulation Z, or in the case law which would indicate that an exempted transaction under Section 1603(5) should be treated any differently than one under Section 1603(1). On the contrary, Regulation Z specifically includes real property transactions in its description of an exempted transaction under Section 1603(5). As stated at 12 C.F.R. § 226.3(e), transactions exempted from the Act's coverage include:

Credit transactions primarily for agricultural purposes, *including real property transactions,* in which the amount financed exceeds $25,000 or in which the transaction is pursuant to an express written commitment by the creditor to extend credit in excess of $25,000; and, at the creditor's option, any credit transaction primarily for agricultural purposes in which the amount financed does not exceed $25,000. (emphasis added).

In addition, the undersigned notes that an unofficial staff interpretation of Regulation Z, Fed.Res.Bd.Op. No. 1260 (October 21, 1977) states that where a transaction is exempt from the Act because it is for agricultural purposes and in excess of $25,000, the rescission provisions of 15 U.S.C. Section 1635 and 12 C.F.R. 226.9 are not applicable. (Exhibit 2 attached to Defendant's Reply). Although courts are not bound to follow unofficial staff interpretations, the opinion is consistent with the law as discussed herein.

*Conclusion*

In this case, even assuming that the transaction between these parties was one for agricultural purposes, (as opposed to one for business purposes), credit extended was in excess of $25,000 and, therefore, exempt from the provisions of the Truth In Lending Act. As a transaction exempted from the Act, Section 1635 is of no avail to the Plaintiffs even though a second mortgage was placed on their residence.

It is, therefore, the recommendation of the undersigned that defendant's motion for summary judgment be granted.

Pursuant to 28 U.S.C. Section 636(b)(1), the Plaintiffs may serve and file written objections to this report with the Honorable Edward B. Davis, United States District Judge, within ten (10) days after being served a copy of this Report and Recommendation.

Dated at Miami, Florida, this 25 day of Feb., 1983.

/s/Peter R. Palermo
PETER R. PALERMO,
CHIEF U.S. MAGISTRATE