## M. H. Davis Oil Co. Inc. v. Hadley

*William J. Litvin,* for plaintiff.
*Barry L. Hadley, Evelyn S. Hadley,* pro se.

STIVELY, *P.J.,* September 10, 1986—The instant mortgage-foreclosure action is presently before us upon defendants' preliminary objections. After thorough review of the record, it is the opinion of this court that the Hadleys' preliminary objections must be overruled.

The pertinent facts leading to the case at bar may be summarized as follows. On March 29, 1982, pur-

suant to a prior agreement[1] between the parties, the Hadleys secured their obligations to pay plaintiff $19,200 in monthly installments of $200 per month without interest, by a second mortgage and bond and warrant on the Hadleys' home in Coatesville, Chester County. Plaintiff subsequently recorded the mortgage. The Hadleys made no payments and in accordance with the terms of the agreement, plaintiff notified the Hadleys of their default and issued foreclosure notices to them. On June 4, 1985, plaintiff initiated two actions: the first, seeking confession of judgment pursuant to the bond and warrant; the second, the instant mortgage foreclosure proceeding.

The Hadleys first assert that the Chester County Court of Common Pleas lacked jurisdiction as the action at bar is under the exclusive jurisdiction of the United States District Courts because of the applicability of the Truth in Lending Act, 15 U.S.C.A. §1601 et seq. (TILA) and its attendant regulations (Regulation Z).[2] This argument is without merit.

Generally, the TILA applies to credit offered or extended to a consumer primarily for personal, family or household purposes. 12 CFR §226.2. The sub-

---

1. Plaintiff had initiated a suit in assumpsit against the Hadleys, Luther G. Smith and Sure Way Oil Company Inc., requesting relief in the amount of $35,681.81, which represented the worth of petroleum products purchased from the plaintiff for resale by Sure Way Oil Company Inc., the business controlled by the individual defendants. The claims of plaintiff and the Hadleys were compromised in this agreement on the eve of trial.

2. Regulation Z, 12 CFR Part 226, was promulgated by the Federal Reserve Board pursuant to Congress' delegation of authority to the board to prescribe regulations to carry out the purpose of the Act. 15 U.S.C. §1604.

ject of the consumer credit transaction may be money, property or services. Credit extended primarily for business, commercial or agricultural purposes, or to someone other than a natural person, such as governmental agencies or instrumentalities, are exempt transactions. In determining whether a particular transaction is exempt, the purpose behind the extension of credit is controlling — not the property on which the security interest is retained. Sapenter v. Dreyco, Inc., 326 F. Supp. 871 (E.D., La.) aff'd. 450 F.2d 951 (5th Cir. 1971) (per curiam), cert. denied 406 U.S. 920, 92 S.Ct. 1775, 32 L.Ed. 2d 120 (1972). An exemption from the act arises even when the purpose for the credit is "predominantly" commercial and not "entirely" commercial. Redhouse v. Quality Ford Sales Inc., 511 F.2d 230, rec'd and remanded en banc, 523 F.2d 1 (10th Cir. 1975).

In the instant case, it is uncontroverted that the purchases of petroleum products, which formed the basis for the original obligation, were made on behalf of Sure Way Oil Company Inc. The agreement and second mortgage executed by the Hadleys represented their participation in the compromise, reached in an effort to end the litigation between themselves and plaintiff, and plaintiff had reduced the amount claimed in consideration of the compromise. The credit extension was thus made for a business or commercial purpose, notwithstanding that the Hadleys had secured the transaction by a mortgage on their home and is therefore exempt from the Act, 15 U.S.C.A. §1603(1), 12 C.F.R. §226.3. Moreover, even assuming arguendo that the transaction did fall within the ambit of the act, jurisdiction of such an action lies in either federal or state court. See 15 U.S.C. §1604(e).

The Hadleys further allege that plaintiff failed to conform to the rules of court in proceeding under Act 6, 41 P.S. §101 et seq. and specifically, 41 P.S. §401, by failing to include a notice of a right to rescind in its disclosures. Section 401 states that a residential mortgage lender shall provide to the residential mortgage debtor the disclosures required by the TILA. This section of Act 6 appears to require that the disclosures required by the TILA be provided in every case in which Act 6 protections apply, but it is clear that the legislature did not intend for exempt transactions to be included. Section 401 refers to the TILA by citing 15 U.S.C.A. §1601 et seq. (Emphasis included.) Section 1603 provides for the business credit exemption and specifically states that the subchapter does not apply to the list of exempt transactions. Defendants' reliance on section 1635, the provision of the act under which a customer has a right in certain circumstances to cancel a credit transaction which involves a lien on his residence, is therefore clearly misplaced. If the extension of credit was for a business purpose, as it was in the instant case, section 1635(a) is of no avail to the parties. Sherrill v. Verde Capital Corporation, 719 F.2d 364 (11th Cir. 1983).

Furthermore, The TILA is remedial in nature and not punitive. The purpose of the act is to also ensure that a consumer debtor is fully aware of the cost of his credit. Redhouse v. Quality Ford Sales Inc., supra, at 235. It would thus be anomalous to hold that a violation of the TILA could be found based on state law despite compliance with specific provisions of the statute itself. See Hickman v. Cliff Peck Chevrolet Inc., 566 F.2d 44, 48 (C.A. Ark. 1977). This court is persuaded that the legislature did not intend the TILA, or the regulations promulgated to

implement the act, to apply to an exempt transaction.[3]

The defendants also contended that plaintiff failed to conform to Pa.R.C.P. 1019(h) in neglecting to attach the agreement specifying the terms of the parties' credit arrangement to the complaint. The rule mandates that a pleading shall state whether any claim or defense set forth therein is based upon a writing. If so, the writing must be attached. The instant case is based upon a mortgage executed by the Hadleys on March 31, 1982, and recorded on April 2, 1982, in Mortgage Book I 67, page 595 et seq. A copy of this mortgage was properly attached as Exhibit "A" to plaintiff's complaint, thus rendering defendants' argument without foundation.

Defendant's next assertion that plaintiff's complaint failed to state a cause of action sufficient to overcome the defendants' demurrer is meritless on its face.

Finally, the Hadleys allege that the complaint is defective because the Federal Housing Administration and the Central Mortgage Company, as assignee of Bankers Bond and Mortgage Company, were necessary and indispensable third parties as first mortgagees to their Coatesville premises. They cite Mennonite Board of Missions v. Adams, 103 S.Ct. 2706 (1983) as authority for this rule. In Mennonite, the Supreme Court addressed the issue of whether notice by publication and posting provides a mortgage of real property with adequate notice of

3. Plaintiff argues that to apply the TILA to the instant credit transaction would be a violation of the principle of federal supremacy. If the laws or public policy of the states come into conflict with federal statutes, or with administrative regulations properly adopted under federal law, the state law must yield. 81 A C.U.S. States §24.

a proceeding to sell the mortgaged property for nonpayment of taxes. That case, however, involved a tax sale and the facts are therefore inapposite to the case at bar. Moreover, the Mennonite court did not address whether a first mortgage must be notified of a second mortgagee's instituting a foreclosure action and there is absolutely no authority in Mennonite for the Hadley's assertion that the first mortgage must be joined as an indispensable party. Hence, for all of the foregoing reasons, defendants' preliminary objections are overruled in accordance with the following

### ORDER

And now, this September 10, 1986, upon careful consideration of defendants' preliminary objections, it is hereby ordered that the preliminary objections are overruled and defendants are ordered to answer the complaint within 20 days of the date hereof.