771 P.2d 68

**Lawrence E. ERICKSON,
Plaintiff–Appellant,**

v.

**Glen S. MARSHALL and Margaret L.
Marshall, husband and wife,
Defendants–Respondents.**

**No. 17295.**

Court of Appeals of Idaho.

March 29, 1989.

Scott R. Hall of Anderson, Pike & Bush, Idaho Falls, for plaintiff-appellant.

D. James Manning of Hawley, Troxell, Ennis & Hawley, Pocatello, for defendants-respondents.

SWANSTROM, Judge.

The dispute in this case is whether an assignee of a security interest has a right to take possession of the collateral. Lawrence Erickson, the assignee, appeals from the district court's summary judgment dismissing with prejudice his claim of a securi-

ty interest in fixtures and equipment left by a lessee in the building owned by Glen and Margaret Marshall. The dispositive issues are whether the court erred in concluding the assignment of the security interest to Erickson gave him no right to take possession of the collateral and whether the court erred in concluding Erickson had waived any right he had, by not timely taking possession of the collateral. We vacate the district court's judgment. We remand for further proceedings.

The district court's judgment was entered upon granting the Marshalls' motion for summary judgment and denying Erickson's motion for partial summary judgment. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R. C.P. 56(c). We, of course, exercise free review on questions of law. Further, the fact that both parties move for summary judgment does not necessarily mean there are no disputed material issues of fact. *See Currie v. Walkinshaw,* 113 Idaho 586, 746 P.2d 1045 (Ct.App.1987). Viewing the facts in the record most favorably to the party opposing the motion, *e.g., Carman v. Carman,* 114 Idaho 551, 758 P.2d 710 (Ct. App.1988), we determine the essential facts are as follows.

Erickson was president of LeVine's, Inc., an Idaho corporation engaged in the retail clothing business. LeVine's obtained a loan from Idaho First National Bank. Erickson was a personal guarantor of the loan. On March 2, 1979, a security agreement was executed giving Idaho First a security interest in LeVine's equipment and inventory. Idaho First later assigned the security agreement to the United States Small Business Administration (SBA).

On October 25, 1979, LeVine's entered into an agreement with the Marshalls to lease a portion of their commercial building in Pocatello, Idaho. In July, 1983, the Marshalls sent notice of default on the lease to LeVine's. LeVine's petitioned for bankruptcy in August, and in October the SBA and other creditors of LeVine's took possession of some collateral. Following the

bankruptcy, the SBA sought to collect payment from Erickson on his personal guarantee of the loan to LeVine's. Erickson eventually settled with the SBA by paying an amount to discharge his loan obligation in exchange for an assignment of the SBA's right under the security agreement. On January 31, 1985, the SBA executed a written assignment to Erickson of its rights under the security agreement. Erickson filed this action in September, 1985, seeking court assistance in taking possession of the remaining LeVine fixtures in the Marshalls' building.

In its final memorandum decision on the parties' motions for summary judgment, the district court held that the obligation owing, and the security interest in favor of, the SBA survived LeVine's bankruptcy proceedings, citing *In the Matter of Sawyer,* 18 B.R. 661 (Bankr.D.Idaho 1982). However, the court further held that the assignment to Erickson was only an assignment of the SBA's security interest and not of the underlying obligation, rendering the assignment a nullity. *See* 69 AM.JUR.2D *Secured Transactions* § 449 (1973). Moreover, the court held that the delay of the SBA and Erickson in taking possession of the remaining collateral waived any right to now obtain possession. Judgment was entered for the Marshalls, dismissing Erickson's claim with prejudice. This appeal followed.

## EFFECT OF ASSIGNMENT

As a matter of law the district court erred in holding that the SBA's assignment of its security interest to Erickson was a nullity. There is no question that the Uniform Commercial Code (UCC) recognizes the assignment of security interests. I.C. §§ 28–9–318, 28–9–405 and 28–9–504. Under section 28–9–504(5), the rights and duties of a secured party are conferred and imposed upon a guarantor who is liable to the secured party when the guarantor is subrogated to the secured party's rights or receives a transfer of collateral from the secured party. Section 28–9–504(5) contemplates that only the secured creditor's security interest is assigned. A guarantor

paying a debt is subrogated to the secured creditor's rights in the collateral. 9 R. ANDERSON, THE UNIFORM COMMERCIAL CODE § 9–504:8 (1985) (hereinafter Anderson). *See also Michel v. J's Foods, Inc.*, 99 N.M. 574, 661 P.2d 474 (1983).

Here, when Erickson paid the SBA for the settled amount on LeVine's loan and received an assignment of the SBA's security interest, he became an assignee with rights in LeVine's remaining equipment. The assignment of the security interest protected the position Erickson assumed when he paid the SBA. Therefore, Erickson was subrogated to the SBA's rights under the security agreement with LeVine's. Moreover, the written assignment purports to transfer to Erickson all of the SBA's "right, title and interest" under the security agreement previously assigned to the SBA from Idaho First. Erickson should at least have been given more opportunity to present evidence concerning the parties' intentions with respect to the assignment. Consequently, the Marshalls were not entitled to judgment as a matter of law on this issue.

## WAIVER

At oral argument, counsel for Erickson contended that waiver should not be applied in secured transactions. We disagree. The general principles of waiver and estoppel continue to have validity under the UCC. I.C. § 28–1–103. *See Seaport Citizens Bank v. Dippel*, 112 Idaho 736, 735 P.2d 1047 (Ct.App.1987). However, the district court erred in concluding as a matter of law that the delay in taking possession of the collateral here waived any right Erickson had. The issue of whether delay has caused a waiver of rights is a question of fact to be decided under the UCC's standard of commercially reasonable time.

The UCC does not state particular time limits for a secured party to take possession of the collateral or to proceed with a sale following the taking of possession. The determination of whether delay is commercially unreasonable requires a consideration of all the surrounding circumstances, including market conditions, the possible physical deterioration of the collateral, its economic deterioration through obsolescence, and the time required to assemble the collateral and prepare it for sale. Anderson § 9–504:20. *See also CIT Financial Services v. Herb's Indoor RV Center*, 108 Idaho 820, 702 P.2d 858 (Ct.App.1985). The mere passage of time does not establish a commercially unreasonable delay. Furthermore, it has been said that no estoppel or waiver arises to bar a creditor merely because he has delayed in asserting his rights. Anderson § 9–504:15.

The delay occasioned here may or may not have been commercially reasonable. Many factors that are not in the present record must first be considered. Neither we or the district court are in any position to rule as a matter of law on this issue upon the current record. Because this issue will require the development of further facts, summary judgment was inappropriate.

The district court's final judgment is vacated. The case is remanded for further proceedings. Costs to Erickson. No attorney fees on appeal.

WALTERS, C.J., and SMITH, J., Pro Tem., concur.