791 P.2d 23

**Evelyn K. STILLMAN, Plaintiff–Appellant and Counterdefendant–Appellant,**

v.

**The FIRST NATIONAL BANK OF NORTH IDAHO, Defendant–Respondent and Counterclaimant–Respondent.**

No. 17383.

Court of Appeals of Idaho.

Jan. 5, 1990.

Addendum March 27, 1990.

Petition for Review Denied May 24, 1990.

Evelyn K. Stillman, Post Falls, pro se.

Edward J. Anson, Coeur d'Alene, for defendant-respondent and counterclaimant-respondent.

BURNETT, Judge.

Evelyn Stillman asks us to review a summary judgment dismissing an action she brought against the First National Bank of North Idaho. She contends that she is entitled to rescind a bank loan under the federal Truth in Lending Act. The district court held otherwise, allowing the bank to foreclose a deed of trust securing the loan. We affirm.

The relevant facts are as follows. Robert and Evelyn Stillman borrowed $32,000 from the First National Bank of North Idaho. The loan was secured by a deed of trust on their home. At that time, Robert was operating a clock repair business. After the Stillmans were divorced, Mrs. Stillman remained in the home. When she discovered that the loan was in default, she brought this action against the Bank, seeking to have the loan rescinded and the deed of trust declared unenforceable. She alleged that the Bank had failed to comply with certain disclosure requirements of the federal Truth in Lending Act in effect when the loan was made. Although other parties and claims eventually were added to the litigation, we are not concerned with them in this appeal.

Upon the Bank's motion for summary judgment, the district court dismissed Mrs. Stillman's complaint. The judge held that the loan had been made primarily for a commercial purpose and was therefore exempt from the Act's disclosure requirements. The judge then ordered foreclosure on the home. Mrs. Stillman brought this appeal.

Preliminarily, we note our standard of review. We exercise free review over a district court's determination, on a motion for summary judgment, that the moving party is entitled to judgment as a matter of law. *See Erickson v. Marshall,* 115 Idaho 847, 848, 771 P.2d 68, 69 (Ct.App.1989). Controverted facts are viewed in favor of the party resisting a motion for summary judgment. Where, as here, there is no request for a jury trial, and the district judge will act as the trier of fact, the judge is not necessarily constrained to draw inferences in favor of the nonmoving party. Rather, the judge may draw those inferences which he or she deems most probable on uncontroverted facts. *Argyle v. Slemaker,* 107 Idaho 668, 670, 691 P.2d 1283, 1285 (Ct.App.1984); *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982).

Mrs. Stillman first argues that there is at least a genuine issue of material fact as to whether the loan was made for a commercial purpose. This issue is framed by provisions of the federal Truth in Lend-

ing Act requiring certain disclosures in consumer credit transactions where the lender receives a security interest in the borrower's residence. *See* 15 U.S.C. §§ 1631, 1635. If such disclosures are not made, the borrower has the right to rescind the transaction, rendering the security interest void. *See* 15 U.S.C. § 1635. However, not all types of consumer credit transactions fall within the disclosure requirement. The Act governs only those consumer credit transactions which are "primarily for personal, family or household purposes." 15 U.S.C. § 1602(h). Consumer credit transactions which are "primarily for business, commercial or agricultural purposes ..." are exempt from the Act's disclosure requirements. 15 U.S.C. § 1603(1).

A single loan may have both exempt and non-exempt purposes. In deciding how such a loan should be characterized, the courts have adopted a quantitative approach. Where more than half the money loaned is for an exempt purpose, such as to fund a business, the disclosure requirements are deemed not to apply. *See Federal Land Bank of Jackson v. Kennedy*, 662 F.Supp. 787, 790 (N.D.Miss.1987) (loan is "primarily" for an exempt purpose, and therefore totally exempt from the requirements of the Truth in Lending Act, where more than half the proceeds were devoted to the exempt purpose). *Accord, Bokros v. Associates Finance, Inc.*, 607 F.Supp. 869, 871–72 (D.C.Ill.1984); *In re Klutzaritz*, 46 B.R. 368, 370 (Bankr.E.D.Pa.1985).

■ Here, the Bank loaned the Stillmans $32,000, of which $13,441 was for the purpose of repaying the United States Small Business Administration for a prior business loan. Another portion of the loan was to be used in the clock repair business. There is conflicting evidence as to whether this portion was $3,000 or $7,000. Mrs. Stillman contends that this conflict represents a genuine issue of material fact, which should have precluded a summary judgment. However, when the Small Business Administration repayment is added to the amount borrowed to finance the clock repair business—whether it was $3,000 or $7,000—the total exceeds $16,000, constituting more than half of the amount borrowed. Consequently, there is no dispute of material fact as to whether the loan was made primarily for a commercial purpose.

Mrs. Stillman next contends that even if the loan was made in contemplation that more than half of the money would be put to a commercial purpose, most of the money in fact found its way into personal uses. Mrs. Stillman argues that these actual expenditures should determine the dominant purpose of the loan. Essentially, Mrs. Stillman's position is that the Truth in Lending Act imposes upon lenders an affirmative duty to ascertain what happens to money after it is disbursed, rather than relying on the representations of the borrowers when applying for the loans.

The Act does indeed require a determination "in each case if the transaction is primarily for an exempt purpose." *See* 12 C.F.R. § 226.3(a); 15 U.S.C. § 1603(1). But the courts have almost uniformly given effect to the stated *"purpose"* of the extension of credit. *Sherrill v. Verde Capital Corp.*, 719 F.2d 364, 367 (11th Cir.1983) (emphasis original). *See also Poe v. First Nat'l Bank of DeKalb County*, 597 F.2d 895 (5th Cir.1979); *Sapenter v. Dreyco, Inc.*, 326 F.Supp. 871 (E.D.La.); *aff'd*, 450 F.2d 941 (5th Cir.1971), *cert. denied*, 406 U.S. 920, 92 S.Ct. 1775, 32 L.Ed.2d 120 (1972). Mrs. Stillman would extend the lender's inquiry to include the "ultimate" purpose of the loan, as reflected in the final use of the borrowed funds. *See Anderson v. Lester*, 382 So.2d 1019, 1023 (La.Ct.App. 1980), *cert. denied, Lester v. Anderson*, 450 U.S. 1045, 101 S.Ct. 1767, 68 L.Ed.2d 244 (1981).

In our view, such an *ex post* formulation of the lender's duty would be unwise. It could force lenders into detailed monitoring or control of their borrowers' financial affairs. Alternatively, it could force lenders—in the exercise of caution—to make consumer-related disclosures in all cases where any possibility of personal expenditures exists, despite contrary representations by the borrowers themselves. Although this might not be disfavored as a matter of policy, it plainly is not what

Congress intended by creating a distinction between disclosures required for commercial and personal loans. The only workable approach, in light of the scheme established by Congress, is to characterize a loan according to the purpose stated by the borrower at the outset of the transaction, and to maintain this characterization throughout the life of the loan. *Toy Nat'l Bank of Sioux City v. McGarr*, 286 N.W.2d 376, 378 (Iowa 1979).

We conclude, as did the district judge, that the loan in this case was primarily for a commercial purpose. The Bank did not violate the Truth in Lending disclosure requirements. Accordingly, we affirm the summary judgment dismissing Stillman's complaint as well as the order of foreclosure. Costs (exclusive of attorney fees, which have not been requested) to the respondent.

SWANSTROM, J., and HART, J. Pro Tem., concur.

## ADDENDUM

### UPON DENIAL OF PETITION FOR REHEARING

Our lead opinion upholds a summary judgment in which the district court held that federal Truth in Lending disclosure requirements do not apply to a loan made primarily for business purposes. In a petition for rehearing, Evelyn Stillman has argued that the purpose of a loan should be determined by actual use of the proceeds rather than by the borrower's stated purpose. She also argues, in any event, that the bank in this case knew or should have known that the loan was for personal rather than business purposes.

The first argument is fully addressed in our lead opinion, and need not be revisited here. The second argument, however, deserves an additional comment. Mrs. Stillman contends that the most urgent purpose of the loan was to pay off an underlying Small Business Administration loan which was in default, causing a deed of trust on the borrowers' home to be in imminent danger of foreclosure. Mrs. Stillman would have us hold that even if the under-

lying SBA loan was commercial in nature, nevertheless, saving the borrowers' home from imminent foreclosure should be deemed a personal purpose of the bank loan.

We need not reach the legal merits of this argument, however, because it is predicated upon facts not apparent in the record before us. Our examination of the entire record, with particular attention to the loan application, has failed to reveal facts upon which the bank reasonably could have determined that the SBA loan was in default or that foreclosure upon the home was imminent. The petition for rehearing has urged us, in essence, to hypothecate a fact—that certain information not reflected in the loan application was somehow communicated to the bank—and to overturn the summary judgment upon an issue framed by this hypothecated fact. We cannot do so. Motions for summary judgment are decided upon facts shown in the record or upon reasonable inferences from those facts, not upon facts that might have been shown or that have been suggested in argument. *Verbillis v. Dependable Appliance Co.*, 107 Idaho 335, 689 P.2d 227 (Ct.App.1984).

Accordingly, the petition for rehearing is denied.