[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11269
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00098-LGW-RSB


JOSEPH ROBERTS,

Plaintiff-Counter Defendant-Appellant,

versus

FNB SOUTH OF ALMA, GEORGIA,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 14, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joseph Roberts, proceeding *pro se*, appeals the district court's dismissal of his complaint for failure to state a viable claim under Federal Rule of Civil Procedure 12(b)(6).  Roberts sued FNB South of Alma, Georgia (the "Bank") seeking to obtain information from the Bank about several loans he had obtained from it over the years.  Roberts broadly alleged that the Bank had issued bogus loans and engaged in illegal banking practices.

The district court granted the Bank's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6).  Although Roberts's complaint did not indicate the basis for the court's jurisdiction, the court liberally construed his allegations and found that he appeared to be attempting to set forth a claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691.  The ECOA prohibits creditors from discriminating against applicants on various grounds, including race, color, religion, national origin, sex, marital status, and age.  *See* 15 U.S.C. § 1691(a).  However, because Roberts did not allege discrimination on the basis of a protected ground, the court concluded that he had failed to state a claim under the ECOA.  To the extent Roberts "intended to allege some other federal claim," the court stated, he had failed to do so.  The court therefore dismissed Roberts's complaint with prejudice.  Roberts now appeals.

In his brief on appeal, Roberts contends that the Bank violated the Truth in Lending Act ("TILA") by making inadequate disclosures about his loans.  And he

suggests that the district court abused its discretion by staying discovery pending a ruling on the motion to dismiss and then granting the motion to dismiss without holding a hearing.  He also restates some of the allegations from his complaint.

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).  We liberally construe the filings of *pro se* parties, but we may not act as "*de facto* counsel" or rewrite an otherwise deficient pleading.  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).  In addition, issues not briefed on appeal, even by *pro se* litigants, are considered abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege sufficient facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Conclusory allegations of wrongdoing or allegations that are merely legal conclusions are insufficient to prevent dismissal.  *Am. Dental Ass'n*, 605 F.3d at 1293–94.

Here, the district court did not err in dismissing Roberts's complaint for failure to state a claim.  Roberts's allegations do not reflect that he was discriminated against on the basis of a ground protected by the ECOA.  He has likewise abandoned any challenge to the district court's determination that he failed to state a claim under the ECOA by failing to raise the issue in his brief.  *See Timson*, 518 F.3d at 874.

Although Roberts now asserts that the Bank violated the TILA, the complaint's allegations do not show that he could state a plausible claim under that act.  Congress enacted the TILA in part "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601(a).  Among other things, the TILA requires creditors to make certain disclosures in connection with consumer credit transactions, and it allows consumers to sue to enforce compliance with its terms.  *See* 15 U.S.C. § 1640(a).

But the TILA specifically exempts from its scope "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes."  15 U.S.C. § 1603(1).  To determine "whether a particular transaction falls within the [TILA] exemption of credit transactions for business or commercial purposes, the purpose of the transaction or extension of credit is controlling, and

not the property on which a security interest is retained." *Sherill v. Verde Capital Corp.*, 719 F.2d 364, 367 (11th Cir. 1983).  Thus, where the purpose of the credit transaction is to finance a corporation and its business, the TILA will not apply even where the individual plaintiffs joined in the notes and gave personal security. *Poe v. Nat'l Bank of DeKalb Cty.*, 597 F.2d 895, 895–96 (5th Cir. 1979)[1]; *see Sherill*, 719 F.2d at 367 (holding that the TILA did not apply even though the loan was secured by a mortgage on the plaintiff's home).

Here, Roberts's complaint and the documents he attached to it indicate that the loans at issue were for business or commercial purposes.  For example, Roberts submitted copies of promissory notes that all appear to be titled, "Commercial Promissory Loan and Security Agreement," as well as copies of loan statements that generally include the header, "Business Loan."  These and other documents, including copies of checks, suggest that the underlying loans were for Roberts's business, "Joseph Roberts Ground Maintenance Service Inc."   Accordingly, because the underlying loans were for business or commercial purposes, the TILA does not apply.  *See* 15 U.S.C. § 1603(1).  To the extent Roberts granted the Bank a security interest in his home or other collateral to secure the debt, those actions would not "transform the loan from an exempted transaction to one within the ambit of the [TILA]." *Sherill*, 719 F.2d at 367.

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

As for the district court's decision to stay discovery pending a ruling on the motion to dismiss, that was not an abuse of discretion. "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). And, in general, motions to dismiss for failure to state a claim "should be resolved before discovery begins." *Id.* Here, the district court properly stayed discovery pending a ruling on the legal sufficiency of Roberts's complaint because there was no "need for discovery before the court rule[d] on the motion." *Id.* And the court was not required to hold an oral hearing before dismissing the complaint. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (explaining that Rule 12 does not require an oral hearing before a court rules on a motion to dismiss, only that a party "be given the opportunity to present its views to the court").

Finally, although *pro se* parties generally must be given at least one opportunity to amend their complaint where a redrafted complaint might state a claim, leave to amend need not be granted where amendment would be futile. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). Here, Roberts was not given a chance to amend his complaint after the district court granted the Bank's motion to dismiss, but amendment would be futile because the TILA does not apply to the credit transactions at issue.

6

Accordingly, we **AFFIRM** the dismissal of Roberts's complaint.